UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

| | | |
|---|---|---|
| HOMETOWN BANK, A COOPERATIVE BANK; COUNTRY BANK FOR SAVINGS; EASTERN BANK; AVIDIA BANK; NORTH BROOKFIELD SAVINGS BANK; ROLLSTONE BANK & TRUST and SOUTHBRIDGE SAVINGS BANK; | ) ) ) ) ) ) | |
| Plaintiffs | ) | C.A. NO. 14-40088-DHH |
| | ) | |
| v. | ) | |
| | ) | |
| CITY OF WORCESTER and CITY OF LYNN, | ) ) | |
| Defendants | ) | |

## ANSWER OF DEFENDANT CITY OF WORCESTER TO PLAINTIFFS' FIRST AMENDED COMPLAINT FOR DECLARATORY JUDGMENT AND TO PLAINTIFFS' REQUEST FOR PRELIMINARY INJUNCTION

Now comes Defendant City of Worcester (Worcester), and answers Plaintiffs' First Amended Complaint for Declaratory Judgment and Request for Preliminary Injunction ("Plaintiffs' First Amended Complaint") as follows:

### INTRODUCTION

Section I of Plaintiffs' First Amended Complaint presents an introductory statement containing conclusions of law, to which no response is required. To the extent that Section I of Plaintiffs' First Amended Complaint can be construed as alleging facts, Worcester denies them and further states that Exhibits 2 and 3 are not the official versions of the Worcester Ordinances at issue.

### FACTS

1.      Worcester lacks sufficient information to admit or deny the allegations contained within Paragraph 1 of Plaintiffs' First Amended Complaint.

2.      Worcester lacks sufficient information to admit or deny the allegations contained within Paragraph 2 of Plaintiffs' First Amended Complaint.

3.      Worcester lacks sufficient information to admit or deny the allegations contained within Paragraph 3 of Plaintiffs' First Amended Complaint.

4.     Worcester lacks sufficient information to admit or deny the allegations contained within Paragraph 4 of Plaintiffs' First Amended Complaint.

5.     Worcester lacks sufficient information to admit or deny the allegations contained within Paragraph 5 of Plaintiffs' First Amended Complaint.

6.     Worcester lacks sufficient information to admit or deny the allegations contained within Paragraph 6 of Plaintiffs' First Amended Complaint.

7.     Worcester lacks sufficient information to admit or deny the allegations contained within Paragraph 7 of Plaintiffs' First Amended Complaint.

8.     Worcester admits the allegations contained within Paragraph 8 of Plaintiffs' First Amended Complaint.

9.     Paragraph 9 of Plaintiffs' First Amended Complaint contains allegations only pertaining to Defendant City of Lynn, and therefore a responsive pleading is not required from Worcester. To the extent that Paragraph 9 of Plaintiffs' First Amended Complaint can be construed as alleging facts against Worcester, Worcester denies them.

10.    Paragraph 10 of Plaintiffs' First Amended Complaint contains conclusions of law, to which no response is required. To the extent that Paragraph 10 of Plaintiffs' First Amended Complaint can be construed as alleging facts, Worcester denies them.

11.    Paragraph 11 of Plaintiffs' First Amended Complaint contains conclusions of law, to which no response is required. To the extent that Paragraph 11 of Plaintiffs' First Amended Complaint can be construed as alleging facts, Worcester denies them.

12.    Worcester lacks sufficient information to admit or deny the allegations contained within Paragraph 12 of Plaintiffs' First Amended Complaint.

13.    Worcester lacks sufficient information to admit or deny the allegations contained within Paragraph 13 of Plaintiffs' First Amended Complaint.

14.    Worcester lacks sufficient information to admit or deny the allegations contained within Paragraph 14 of Plaintiffs' First Amended Complaint.

15.    Paragraph 15 of Plaintiffs' First Amended Complaint contains allegations only pertaining to Defendant City of Lynn, and therefore a responsive pleading is not required from Worcester. To the extent that Paragraph 15 of Plaintiffs' First Amended Complaint can be construed as alleging facts against Worcester, Worcester denies them.

16.    Paragraph 16 of Plaintiffs' First Amended Complaint contains allegations only pertaining to Defendant City of Lynn, and therefore a responsive pleading is not required from Worcester. To the extent that Paragraph 16 of Plaintiffs' First Amended Complaint can be construed as alleging facts against Worcester, Worcester denies them.

17.     Paragraph 17 of Plaintiffs' First Amended Complaint contains allegations only pertaining to Defendant City of Lynn, and therefore a responsive pleading is not required from Worcester. To the extent that Paragraph 17 of Plaintiffs' First Amended Complaint can be construed as alleging facts against Worcester, Worcester denies them.

18.     Paragraph 18 of Plaintiffs' First Amended Complaint contains allegations only pertaining to Defendant City of Lynn, and therefore a responsive pleading is not required from Worcester. To the extent that Paragraph 18 of Plaintiffs' First Amended Complaint can be construed as alleging facts against Worcester, Worcester denies them.

19.     Paragraph 19 of Plaintiffs' First Amended Complaint contains allegations only pertaining to Defendant City of Lynn, and therefore a responsive pleading is not required from Worcester. To the extent that Paragraph 19 can be construed as alleging facts against Worcester, Worcester denies them.

20.     Paragraph 20 of Plaintiffs' First Amended Complaint contains allegations only pertaining to Defendant City of Lynn, and therefore a responsive pleading is not required from Worcester. To the extent that Paragraph 20 of Plaintiffs' First Amended Complaint can be construed as alleging facts against Worcester, Worcester denies them.

21.     Paragraph 21 of Plaintiffs' First Amended Complaint contains allegations only pertaining to Defendant City of Lynn, and therefore a responsive pleading is not required from Worcester. To the extent that Paragraph 21 of Plaintiffs' First Amended Complaint can be construed as alleging facts against Worcester, Worcester denies them.

22.     Worcester denies that the attachments to Plaintiffs' First Amended Complaint are the final form of any Ordinance adopted by the City of Worcester. As such, Worcester denies the allegations contained in Paragraph 22 of Plaintiffs' First Amended Complaint.

23.     Worcester denies that the attachments to Plaintiffs' First Amended Complaint are the final form of any Ordinance adopted by the City of Worcester. As such, Worcester denies the allegations contained in Paragraph 23 of Plaintiffs' First Amended Complaint.

24.     Worcester denies that the attachments to Plaintiffs' First Amended Complaint are the final form of any Ordinance adopted by the City of Worcester. As such, Worcester denies the allegations contained in Paragraph 24 of Plaintiffs' First Amended Complaint.

25.     The allegations in Paragraph 25 of Plaintiffs' First Amended Complaint contain conclusions of law, to which no response is required. To the extent that Paragraph 25 of Plaintiffs' First Amended Complaint can be construed as alleging facts, Worcester denies them.

26.     Worcester denies the allegations contained within Paragraph 26 of Plaintiffs' First Amended Complaint.

27.     Worcester denies the allegations contained within Paragraph 27 of Plaintiffs' Complaint and Paragraph 27 of Plaintiffs' First Amended Complaint.

28.     Worcester denies the allegations contained within Paragraph 28 of Plaintiffs' Complaint and Paragraph 28 of Plaintiffs' First Amended Complaint.

29.     The allegations in Paragraph 29 of Plaintiffs' First Amended Complaint contain conclusions of law, to which no response is required.  To the extent that Paragraph 29 of Plaintiffs' First Amended Complaint can be construed as alleging facts, Worcester denies them.

30.     Worcester denies the allegations contained within Paragraph 30 of Plaintiffs' First Amended Complaint.

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint fails to state a claim upon which relief can be granted against Worcester.

### SECOND AFFIRMATIVE DEFENSE

Worcester's official Ordinances do not conflict with state law and are not pre-empted by state law.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' contracts with its mortgagors specifically allow Plaintiffs to enter onto the subject properties and perform the tasks required under Worcester's official Ordinances because the borrowers have defaulted.

### FOURTH AFFIRMATIVE DEFENSE

Worcester's official Ordinances do not constitute an unlawful tax.  Any fees imposed are within the scope of Worcester's regulatory and police powers; charged in exchange for a particular government service, or a governmental service the party has the option of not utilizing; are collected to compensate Worcester for its services; and are otherwise proper.

### FIFTH AFFIRMATIVE DEFENSE

Worcester's official Ordinances do not place an onerous burden on the Plaintiffs.

### SIXTH AFFIRMATIVE DEFENSE

Plaintiffs fail to allege an actual, justiciable controversy.

### SEVENTH AFFIRMATIVE DEFENSE

Plaintiffs have failed to notify the Attorney General that they are challenging the validity of a local Ordinance.

### EIGHTH AFFIRMATIVE DEFENSE

Worcester's actions were a reasonable, justified and good faith exercise of authority based on the facts as presented, and actions of its employees and agents were privileged.

### NINTH AFFIRMATIVE DEFENSE

Plaintiffs have an adequate remedy at law and are not entitled to equitable relief.

### TENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to equitable relief as they lack clean hands.  Their own lending practices together with their failure to follow their own contracts have caused the complained-of situation.

### ELEVENTH AFFIRMATIVE DEFENSE

Worcester's official Ordinances are a valid exercise of its Home Rule powers.

### TWELFTH AFFIRMATIVE DEFENSE

Worcester's official Ordinances do not violate Plaintiffs' procedural and substantive due process rights.

### THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiffs lack standing to challenge the Worcester Ordinances and to maintain this suit.

### FOURTEENTH AFFIRMATIVE DEFENSE

Plaintiffs have not suffered an injury-in-fact, or a legally cognizable injury.

### FIFTEENTH AFFIRMATIVE DEFENSE

The Ordinances at issue have a plainly legitimate sweep, are narrowly tailored to serve a significant government interest, are rationally related to a governmental objective, and are otherwise valid.

### SIXTEENTH AFFIRMATIVE DEFENSE

Plaintiffs did not suffer any actual deprivation of any rights secured by the Constitution or laws of either the United States or the Commonwealth.

### SEVENTEENTH AFFIRMATIVE DEFENSE

Worcester has not violated a duty owed to Plaintiffs.

### EIGHTEENTH AFFIRMATIVE DEFENSE

Plaintiffs are not entitled to injunctive relief, as requested, due to their lack of standing and failure to satisfy the necessary requirements for injunctive relief: (1) the likelihood of success on the merits; (2) the potential for irreparable harm if the injunction is denied; (3) the balance of relevant impositions, i.e., the hardship to the nonmovant if enjoined as contrasted with the hardship to the movant if no injunction issues; and (4) the effect (if any) of the court's ruling on the public interest.

### NINETEENTH AFFIRMATIVE DEFENSE

Plaintiffs' First Amended Complaint fails to state a claim under 42 U.S.C. § 1983 as the conduct alleged in Plaintiffs' Complaint does not involve any particular right arising under the United States Constitution, no violation of any constitutional right has been pleaded with the requisite particularity, and, therefore, counts purporting to allege such violation must be dismissed.

### TWENTIETH AFFIRMATIVE DEFENSE

Worcester, its employees and agents, at all times was motivated with neither an evil intent malice or motive, nor a reckless or callous indifference, toward any of Plaintiffs' rights.

### TWENTY-FIRST AFFIRMATIVE DEFENSE

Plaintiffs are precluded from recovering pursuant to the public duty rule codified in Mass. Gen. Laws c. 258, § 10, as well as the exceptions to municipal liability provided in the Massachusetts Tort Claims Act.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

Defendant, City of Worcester, is not a "person" within the meaning of the Massachusetts Civil Rights Act.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

Any interference or attempted interference by Worcester with any of Plaintiffs' secured rights was not by threats, intimidation or coercion.

## TWENTY-FOURTH AFFIRMATIVE DEFENSE

Any direct deprivation of any of Plaintiffs' secured rights is not cognizable under Mass. Gen. Laws c. 12, § 11I.

## TWENTY-FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by the doctrines of collateral estoppel and res judicata.

WHEREFORE, Worcester requests that Plaintiffs' First Amended Complaint be dismissed with prejudice, with reasonable costs and attorney's fees awarded to Worcester.

CITY OF WORCESTER

By its attorneys,

David M. Moore
City Solicitor

*/s/ Ann S. Refolo*
Wendy L. Quinn (BBO #653954)
Ann S. Refolo (BB) #650342)
Assistant City Solicitors
City Hall, Room 301
455 Main Street
Worcester, MA  01608
(508) 799-1161
quinnwl@worcesterma.gov
refoloa@worcesterma.gov

## CERTIFICATE OF SERVICE

I, Ann S. Refolo, hereby certify that on this 13th day of August, 2014, I served the within Answer of Defendant City of Worcester to Plaintiffs' First Amended Complaint and to Plaintiffs' Request for Preliminary Injunction by providing a copy of the same to Plaintiff's counsel of record via the United States District Court's electronic notification system.

*/s/ Ann S. Refolo*
Ann S. Refolo
Assistant City Solicitor