UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS
(CENTRAL DIVISION)

C.A. NO.: 4:14-CV-40088-DHH

| | |
|---|---|
| **HOMETOWN BANK, A COOPERATIVE BANK, COUNTRY BANK FOR SAVINGS, EASTERN BANK, AVIDIA BANK, NORTH BROOKFIELD SAVINGS BANK, ROLLSTONE BANK & TRUST AND SOUTHBRIDGE SAVINGS BANK**<br>      PLAINTIFFS,<br>V.<br>**CITY OF WORCESTER AND CITY OF LYNN,**<br><br>      DEFENDANTS. | **DEFENDANT CITY OF LYNN'S MOTION TO DISMISS** |

Defendant City of Lynn (hereinafter "City" or "Lynn") respectfully requests that this Court dismiss the Plaintiffs' Complaint for Declaratory Judgment and Request for Preliminary Injunction and subsequent motions under Fed. R. Civ. P. 12(b)(1) for lack of subject matter jurisdiction and Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted. In their complaint, Plaintiffs challenged the maintenance and bond and mediation requirements of the City's Homeowner's Bill of Rights ("Homeowner's Bill of Rights") passed to protect the health, safety and welfare of Lynn residents from the devastating and ongoing effects of the foreclosure crisis. As the Lynn City Council has fully repealed the requirements that are the subject of this lawsuit, a case or controversy no longer exists on which the Court can issue a decision or for which the Plaintiffs can seek recovery. Defendant incorporates the facts and arguments stated in Defendant's Opposition to (first) Motion for Preliminary Injunction, filed September 11, 2014 and Defendant's Opposition to (second) Motion for Preliminary Injunction, filed on March 11, 2015.

1

In support of its Motion to Dismiss, Defendant states the following:

1. The City Council of Lynn enacted the Homeowner's Bill of Rights in response to the substantial harm to the residents and neighborhoods of the City of Lynn caused by the persistent foreclosure crisis. *See* Defendant's Opposition to (first) Motion for Preliminary Injunction, at 2-7.

2. In their complaint, Plaintiffs challenge the validity of Section 13 of the Homeowner's Bill of Rights requiring that Responsible Parties secure and maintain vacant, foreclosing and foreclosed properties. *See* First Amended Complaint for Declaratory Judgment and Request for Preliminary Injunction at ¶¶15 and 16.

3. Plaintiffs also challenge the validity of Sections 3-12 of the Homeowner's Bill of Rights empowering the City to establish a mediation program in which foreclosing banks would participate in "in-person" mediation with a homeowner (a.k.a. mortgagor). *See* First Amended Complaint for Declaratory Judgment and Request for Preliminary Injunction at ¶¶17-21.

4. On March 10, 2015, the Lynn City Council voted to repeal the two provisions of the Homeowner's Bill of Rights described by Plaintiffs as "substantially similar to a foreclosure ordinance enacted by the City of Springfield"—the mediation and maintenance requirements and bond requirement—in light of the Supreme Judicial Court's ruling in *Easthampton Savings v. City of Springfield,* 470 Mass. 284 (2014). These provisions are no longer in effect as of April 10, 2015. *See* Barry Aff. at ¶8.

5. The Mediation Program adopted pursuant to the Homeowner's Bill of Rights was officially launched on April 18, 2014, upon the execution of the contract between Lynn and Massachusetts Dispute Resolution Services (MDRS). However, after the

Supreme Judicial Court's ruling in *Easthampton Savings v. City of Springfield,* 470 Mass. 284 (2014), in December 2014, the City Solicitor's office instructed MDRS to stop processing new cases and issuing letters of non-compliance. *See* Wilson Aff. at ¶ 6, attached to Defendant's Opposition to (second) Motion for Preliminary Injunction as Ex. A. Accordingly, the last administrative fee was processed by MDRS on December 29, 2014. *Id.* Since that time, MDRS has worked only on resolving existing cases. *Id.* MDRS is engaged only in voluntary mediations. The Plaintiffs are not involved in any of these voluntary mediations.[1]

6. The City of Lynn has never enforced "the securing and maintaining vacant, foreclosing and foreclosed properties" provision of the Homeowner's Bill of Rights against any entity, including the Plaintiffs. Barry Aff. at ¶ 2, attached to Defendant's Opposition to (second) Motion for Preliminary Injunction as Ex. D.

**ARGUMENT**

This Court should dismiss this case for lack of subject matter jurisdiction and for failure to state a claim upon which relief can be granted. *See* Fed. R. Civ. P. 12(b)(1); Fed. R. Civ. P. 12(b)(6). "Federal courts are not at liberty to overlook limitations on their subject matter jurisdiction." *Francis v. Goodman*, 81 F.3d 5, 8 (1st Cir. 1996). The Plaintiffs, as the "party invoking the jurisdiction of a federal court carr[y] the burden of proving its existence." *Puerto Rico Tel. Co. v. Telecommunications Regulatory Bd. of Puerto Rico,* 189 F.3d 1, 7 (1st Cir. 1999). To survive a motion to dismiss for failure to state a claim upon which relief can be granted, the plaintiff "carries the burden of demonstrating for the court an area of law that

---

[1] Eastern Bank was the only Plaintiff who has ever had a Property subject to the mediation requirement. Eastern Bank paid the administrative fee for the Mediation Program in one case, and it subsequently received its Certificate of Compliance and the case was closed by MDRS on November 10, 2014. *See* Wilson Aff. at ¶ 5, attached to Defendant's Opposition to (second) Motion for Preliminary Injunction as Ex. A.

3

entitles plaintiff to relief." *Hashmi v. Quinn*, No. 4:12-CV-40048-TSH, 2012 WL 4173719, at *1 (D. Mass. Sept. 17, 2012) (quoting *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 555, (2007)). The Plaintiffs fail to meet both burdens of proving subject matter jurisdiction and demonstrating an area of law that entitles them to relief, given that the controversy is now moot. Either of these issues alone presents grounds on which the case must be dismissed.

**I. This Court lacks subject matter jurisdiction because the controversy in question is now moot.**

The Court lacks subject matter jurisdiction because there is no case or controversy in question. "The Constitution confines the jurisdiction of the federal courts to actual cases and controversies. A case generally becomes moot when the controversy is no longer live or the parties lack a legally cognizable interest in the outcome." *Ford v. Bender*, 768 F.3d 15, 29 (1st Cir. 2014) (internal quotation marks omitted). *See also Murphy v. Hunt,* 455 U.S. 478, 481 (1982); *Goodwin v. C.N.J., Inc.,* 436 F.3d 44, 48 (1st Cir. 2006) ("we begin with bedrock: . . . justiciability requires the existence of an actual case or controversy). The controversies that the Plaintiffs presented at the time of filing—challenges to the bond and maintenance and mediation requirements in the Homeowner's Bill of Rights—no longer exist because the City of Lynn has repealed such requirements.

The "case-or-controversy requirement subsists through all stages of federal judicial proceedings . . . . It is not enough that a dispute was very much alive when suit was filed; the parties must continue to have a personal stake in the ultimate disposition of the lawsuit." *Chafin v. Chafin*, 133 S. Ct. 1017, 1023 (2013) (internal quotation marks omitted). This court considers the facts before it now, not whether the Plaintiffs had a personal stake or a viable claim at the inception of the lawsuit. "Mootness problems may arise at any point in a proceeding." *United States v. Reid*, 369 F.3d 619, 624 (1st Cir. 2004). At present, the Plaintiffs do not have any

personal stake in the outcome of this lawsuit. The Lynn City Council fully repealed the challenged requirements and therefore those are no longer in effect as of April 10, 2015. In other words, the Maintenance and Bond requirements and the Mediation requirement are null and void.

Further, "to invoke the jurisdiction of a federal court, a litigant must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision." *Chafin*, 133 S. Ct. at 1023. As discussed in the Defendant's Opposition to (second) Motion for Preliminary Injunction, the Plaintiffs have not shown an actual and particularized injury that has, will or might result because of the Homeowner's Bill of Rights. Neither the contested bond nor mediation provision is being or will be enforced. The Plaintiffs cannot demonstrate redressability, and fail to prove that the court has jurisdiction over this case.

## II. The Plaintiffs have failed to state a claim on which relief can be granted because the City Council has already repealed the contested provisions of the Homeowner's Bill of Rights.

Because the maintenance and bond requirements and the mediation requirements no longer exist, the Court cannot grant the relief that the Plaintiffs seek: declaring these requirements unlawful and preventing the enforcement of such requirements. Federal courts "have no authority to decide questions that cannot affect the rights of the litigants before them." *Ramirez v. Rodriguez*, 389 F. Supp. 2d 143, 146 (D.P.R. 2005). The Plaintiffs fail to meet the 12(b)(6) standard even under the First Circuit's "plaintiff-friendly approach," because these facts "lend themselves to no viable theories of recovery." *Phoung Luc v. Wyndham Mgmt. Corp.*, 496 F.3d 85, 88 (1st Cir. 2007). The Court cannot declare a non-existent law invalid nor enjoin requirements that are no longer in effect. Given the complete repeal by the City of Lynn of the

contested provisions of the Homeowner's Bill of Rights, the Plaintiffs are left without any viable theories of recovery.

## CONCLUSION

The Defendant respectfully requests that this Court dismiss the Plaintiff's Complaint for Declaratory Judgment and Request for Preliminary Injunction and subsequent motions because there is not a justiciable controversy before the court and Plaintiffs have failed to state a claim upon which relief can be granted.

Respectfully submitted,

CITY OF LYNN

By its attorney,

/s/ *Eloise P. Lawrence*
Eloise P. Lawrence, BBO # 655764
Lee Goldstein, BBO # 200180
Harvard Legal Aid Bureau
23 Everett Street
Cambridge, MA 02138
(617) 496-5484
elawrence@law.harvard.edu

/s/ *Sophie Elsner*

Sophie Elsner, 3:03 Counsel (on the brief)

### CERTIFICATE OF SERVICE

I, Eloise P. Lawrence, hereby certify that, on this 10th day of April, 2015, the within Notice of Appearance was served upon all counsel of record through this Court's electronic filing system as identified in the Notice of Electronic Filing.

/s/ *Eloise P. Lawrence*